IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHAREN BYRNE, | ) |
|           Plaintiff, | ) Civil Action No. 15-10444 |
| v. | ) |
| LIBERTY MUTUAL, | ) Honorable Linda V. Parker |
|           Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

Now comes Defendant Liberty Mutual Insurance Company ("Liberty Mutual") ( incorrectly named in the Complaint and hereinafter referred to as "Liberty Mutual"), by and through its undersigned counsel, and files the following Answer and Affirmative Defenses to Plaintiff's Complaint:

## ANSWER

1. The allegations set forth in paragraph 1 of the Complaint are admitted, on information and belief.

2. As answer to paragraph 2 of the Complaint, Liberty Mutual admits that it is a corporation and that it transacts business in the state of Michigan. The remaining allegations set forth in paragraph 2 of the Complaint are denied.

3. The allegations set forth in paragraph 3 of the Complaint constitute conclusions of law to which no response is required.

900202.90211/100017011v.1

4. The allegations set forth in paragraph 4 of the Complaint constitute conclusions of law to which no response is required.

5. As answer to paragraph 5 of the Complaint, Liberty Mutual admits that Ms. Byrne was employed by National City Corporation ("National City"), which was later acquired by or merged into PNC Financial Services Group, and that by virtue of such employment, Ms. Byrne was a covered person under a group disability insurance policy (the "National City LTD Policy") issued to National City by Liberty Life Assurance Company of Boston ("Liberty Life"), an affiliate of Liberty Mutual. The remaining allegations set forth in paragraph 5 of the complaint are denied.

6. As answer to paragraph 6 of the Complaint, Liberty Mutual admits that by letter dated December 26, 2012, Liberty Life denied Plaintiff's appeal from Liberty Life's earlier determination discontinuing Plaintiff's receipt of benefits under the National City LTD Policy. The remaining allegations set forth in paragraph 6 of the Complaint are denied.

7. The allegations set forth in paragraph 7 of the Complaint are admitted.

8. As answer to paragraph 8 of the Complaint, Liberty Mutual incorporates by reference its responses to paragraphs 1 through 7 herein.

9. As answer to paragraph 9 of the Complaint, Liberty Mutual admits that this is an action under ERISA seeking to recover benefits under the National City LTD Policy. Liberty Mutual denies that it is liable in any way to Plaintiff, either in the manner alleged in the Complaint or otherwise.

10. The allegations set forth in paragraph 10 of the Complaint are denied.

11. All allegations in the Complaint not specifically admitted herein are denied.

## FIRST AFFIRMATIVE DEFENSE

12. The claims asserted by Plaintiff in the Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

13. The claims asserted by Plaintiff in the Complaint are barred by virtue of the fact that under the National City LTD Policy, Liberty Life has discretionary authority to determine benefit eligibility and to construe the terms of the policy.

### THIRD AFFIRMATIVE DEFENSE

14. The claims asserted by Plaintiff in the Complaint are barred by virtue of the fact that Liberty Life administered the policy according to its terms.

### FOURTH AFFIRMATIVE DEFENSE

15. The claims asserted by Plaintiff in the Complaint are barred by virtue of the fact that Liberty Life did not act arbitrarily or capriciously.

### FIFTH AFFIRMATIVE DEFENSE

16. The claims asserted in Plaintiff's Complaint are barred in whole or in part by virtue of the fact that benefits under the National City LTD Policy are subject to reduction and/or offset based on Plaintiff's actual or constructive receipt of other benefits or income from other sources, as defined in the policy.

### SIXTH AFFIRMATIVE DEFENSE

17. Should Plaintiff be determined to be eligible for benefits under the National City LTD Policy, which contention is specifically denied, Plaintiff would not be entitled to unlimited future benefits under the National City LTD Policy given the different requirements, exclusions and/or limitations thereunder.

### SEVENTH AFFIRMATIVE DEFENSE

18. Liberty Mutual is not a proper defendant to Plaintiff's claim for benefits under the National City LTD Policy, because the policy was issued to

National City by Liberty Life, and Liberty Mutual played no role in any of the decisions concerning Plaintiff's eligibility for benefits under the policy.

WHEREFORE, Defendant Liberty Mutual requests that judgment be entered in its favor with respect to all claims asserted in Plaintiff's Complaint, and that it be awarded its costs and attorneys' fees in defending this action.

Respectfully submitted,

s/ James P. Hollihan
James P. Hollihan
Blank Rome LLP
500 Grant Street, Suite 2900
Pittsburgh, PA  15219
(412) 515-1531

Attorneys for Defendant
Liberty Mutual Insurance Company

Dated:  March 20, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2015 a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant Liberty Mutual Insurance Company was served by operation of the Court's electronic filing system upon the following counsel of record:

>Eric I. Frankie, Esquire
>535 Griswold, Suite 111-542
>Detroit, MI 48226

s/ James P. Hollihan